IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND SOUTHERN
DIVISION

Steven Bernard Harvin, Grantor,
Private American National
Complainant,

v.

GILLES GADE, KRIS PEASE,
DAVE GIROUARD, SANJAY
DATTA, PATRICK J HEALY,
Defendants.

Bill in Equity No:

Rcv'd by: **HD**  ___JM___

TDC 24CV3037

## **BILL IN EQUITY FOR INJURIES, BREACH OF TRUST, AND FULL ACCOUNTING**

TO THE HONORABLE CHANCELLOR OF UNITED STATES DISTRICT COURT FOR THE SOUTHERN DIVISION of MARYLAND:

The Complainant, Grantor/Settlor, Harvin, Steven Bernard, files this Bill in Equity for injuries of unjust enrichment, breach of the private RE 300 882 555 US Trust, and full accounting against the Defendants, GILLES GADE (CEO), KRIS PEASE (CFO), DAVE GIROUARD (CEO), SANJAY DATTA (CFO), PATRICK J HEALY (TRUST OFFICER) stating as follows:

### PARTIES

1. Complainant, Harvin, Steven Bernard, Private American National/Grantor and Surety for taxpayer/Principal, STEVEN BERNARD HARVIN, is an individual residing at 4806 Saint Barnabas Road, Temple Hills, Maryland 20757, and the persons who bring forth these actions.

2. Defendants GILLES GADE and KRIS PEASE are individuals residing at 2115 Linwood Avenue, Fort Lee, NJ 07024, while DAVE GIROUARD and SANJAY DATTA reside at P.O. Box 1503, San Carlos, CA 94070, and PATRICK J HEALY is an individual residing at 500 Delaware Ave, 11th Floor, Wilmington, DE 19801. All are the persons accused of causing injuries and breach of trust.

### JURISDICTIONAL STATEMENT

1. The Constitution for the United States of America grants jurisdiction to all Article III courts for matters concerning equity/equitable rights. The UNITED STATES DISTRICT OF MARYLAND COURT has jurisdiction to hear this/these case(s) so long as the overseeing Judge is an Article III Judge.

## FACTUAL BACKGROUND

On June 18th, twenty seventeen, the year of our Lord, Principal STEVEN HARVIN (XXX-XX-4417) provided an equitable mortgage/security, Loan ID L73957 and borrower ID 4371624, to Defendants/Agents for $30,000. Despite the labels, the banks (Cross River Bank and Upstart) are the borrowers, not the Principal. This equitable mortgage/security was packaged into a promissory note to be paid back in 60 monthly installments of $678.14, including interest at 12.75% per annum, starting on July 16th, twenty seventeen until June 16th, twenty twenty-two. This equitable mortgage/security was sold to Cross River Bank, the original creditor while Upstart held the promissory note.

A promissory note was issued to Principal STEVEN HARVIN, creating additional payments, including interest and unjust enrichment for the defendants. As the Surety, secondarily liable for Principal STEVEN HARVIN, the complainant fully satisfied the debt on June 15th, twenty twenty-one. All rights, interests, and chattel in the Principal's name, STEVEN HARVIN, are rightfully held in RE 300 882 555 US Trust. As Grantor/Settlor of RE 300 882 555 US Trust, complainant seeks reimbursement/recoupment of $30,000 plus $9,878.72 in interest for a total of $39,878.72. The Federal Reserve Act stipulates that all taxes, customs, and all other public dues (interest) are the obligations of the United States. Defendants/Cross River Bank and Upstart Agents are obligated to pay interest which is owed to the Principal Account.

Complainant also seeks compensations for injuries, emotional distress, and breach of trust for $1,200,000.00, as outlined in Complainants Fee Schedule. This amounts to a total of $1,239,878.72 that Complainant prays relief for.

Defendants GILLES GADE, KRIS PEASE, DAVE GIROUARD, AND SANJAY DATTA have been issued notices of subrogation and notices of priority Trust interest three times. DAVE GIROUARD was first sent notice on 8/21/23. SANJAY DATTA and DAVE GIROUARD were sent notices on 10/10/2023. They were sent further notice on 12/13/23. GILLES GADE and KRIS PEASE were sent notices on 11/20/2023. They were also sent further notice of interest and fiduciary assignment on 5/31/2024. Complainant has not received any relief or correspondence. Silence is acquiescence. Defendants/Cross River Bank and Upstart Agents did not follow fiduciary instructions which is a breach of trust and they kept all tendered payments which is unjust enrichment.

Defendant PATRICK J HEALY has, once, been notified of the priority Trust interest and their fiduciary assignment to provide reimbursement and release of all securities rightfully owed to the complainant on 5/31/2024. Complainant received no relief nor any response. Silence is acquiescence. Defendants/Cross River Bank and Upstart Agents did not follow fiduciary instructions which is a breach of trust.

Complainant received return receipts from the certified and registered mailings sent to the Defendants. The return receipts have been signed for, proving the intended party has received all notices sent. All correspondence and tracking numbers with the Defendants have been recorded in the private RE 300 882 555 US Trust under asset title numbers RE 300 882 555 US– 15.049 – 15.058.

All debts are the responsibility and obligation of the United States as Congress stipulated in the

Federal Reserve Act of 1913 and due to the U.S. Bankruptcy in 1933 and the Emergency Banking Act of 1933. The Emergency Banking Act of 1933 allowed the Federal Reserve to supply unlimited amounts of currency to banks. This was made possible by exchanging all the wealth of private American nationals/American natives to use as collateral to bankroll the Federal Reserve System. In exchange for the estate collateral of We the People, private Americans are entitled to unlimited credit and securities as our estates are the collateral for all U.S. issued obligations.

Banks cannot create money, and the defendants, authorized agents for Cross River Bank and Upstart, did not put up any collateral to secure funds. For a contract between multiple parties to be valid, an equal amount of collateral, as well as signatures from all parties, must be obtained. The Defendants did not sign, nor did any authorized representative for Cross River Bank or Upstart sign, the original credit application or the promissory note, thus making the contract null and void. With a null and void contract, there was no debt to be repaid by the Principal, STEVEN HARVIN.

The issuance of Federal Reserve Notes and other obligations are not determined by credit score or any information that is included on a credit report. The issuance of Federal Reserve notes and other obligations are based on the collateral of the Principal's account (XXX-XX-4417) from the equitable mortgage/security in the form of the credit/loan application that was originally filled out and signed by the Principal. All that is required for the issuance of credit/Federal Reserve Note obligations is the Principal's signature, which was provided. Defendants/Cross River Bank and Upstart Agents cannot create money nor can the United States, so all obligations issued to the Principal was supposed to be in exchange for private collateral from the Principal's estate.

The Federal Reserve Act specifically lays out the laws for Applications for Federal Reserve notes, which the original application from Principal STEVEN HARVIN is, and that application along with the signature is the only necessary requirement to receive federal reserve notes and other obligations. The estate of Principal STEVEN HARVIN, held in and owned by private trust RE 300 882 555 US Trust, is the source of the funds the Federal Reserve System operates with. It is the duties/obligation of Federal Reserve member banks (Cross River Bank and Upstart) and their authorized representatives (the Defendants) to operate lawfully. Failure to exchange endorsed securities properly is in violation of the Securities Exchange Act of 1933, the Federal Reserve Act of 1913, and the Bill of Exchange Act of 1882. "Ignorance of the law is no excuse" – Maxim of Law

Complainant is the Grantor and heir Beneficiary of everything in the name of the Principal, STEVEN HARVIN, and in exchange for the wealth of We the People, We the People have been given unlimited private credit and securities and are thus Board of Governors of the Federal Reserve System as its main investors. Instead of the United States being responsible for the public debt created from the equitable mortgage/security exchange, Principal STEVEN HARVIN was held responsible for paying the promissory note. STEVEN HARVIN should have been issued $30,000 in exchange for the equitable mortgage/security in order to set-off and balance the books with no further promissory note. Failure to exchange endorsed securities properly is in violation of the Securities Exchange Act of 1933 and the Federal Reserve Act.

As Grantor/Settlor of RE 300 882 555 US Trust, complainant seeks reimbursement/recoupment of all payments tendered in error and excess for the amount of $39,878.72 from July 13th, twenty twenty-three to June 16th, twenty twenty-one, which has unjustly enriched the Defendants/Cross River Bank and Upstart Agents. Complainant seeks full accounting, including full CUSIPS, from

Defendants/Cross River Bank and Upstart Agents in order to account for all securities sold or earning interest due to the Principal account, over the life of the Principal's account with Defendants/Cross River Bank and Upstart. The Principal entered a consumer credit transaction with the Defendants/Cross River Bank and Upstart Agents and credit transactions can only deal in credit and not cash. Any cash provided during credit transactions is eligible for reimbursement.

All payments tendered are recorded in the private RE 300 882 555 US Trust as asset numbers 15 – 15.048. The Statement of Interest shows claim by the grantee of the non-negotiable asset title numbers RE 300 882 555 US-01.000 – RE 300 882 555 US-99.999. Forty-Eight total payments were made for a total of $39,878.72 with $9,878.72 of the total being interest.

The Principal Account balance was always a positive number meaning it is not a debt but the credit available for the account. If the statements received each month by the Principal were a debt, the total balance and the amount due would have been preceded by a negative symbol to denote a debt.

The Cesti Que Vie Act of 1666 provides a guideline for redress (remedy) when a person or persons has been "evicted" from their estate. I, Harvin, Steven Bernard, Grantor and heir beneficiary to all things in the Principal Name, including the estate of STEVEN HARVIN, am being evicted from claiming all rights, titles, and interest to my private estate. I have made several claims to the Defendants showing proof that the Principal's estate is not abandoned and is now in control by the Office of Administration for the private RE 300 882 555 US Trust, which the Complainant represents. If the supposed dead man proves to be alive, then the Title is revested. The Defendants are clearly violating the Cesti Que Vie Act of 1666 and committing a breach of trust on a claimed estate.

## CONCLUSION

Defendants cause injury to the private estate held in the private RE 300 882 555 US Trust by unjustly enriching themselves with excessive/additional payments when all rights, titles, interests, and chattels in the Principal's name, STEVEN HARVIN, belong to RE 300 882 555 US Trust. Defendants failed to disclose the true nature of the contract/agreement as an equitable mortgage/security and caused further injury by not crediting the account with the interests on the coupon payments the Principal received every month.

Defendants KRIS PEASE AND SANJAY DATTA are CFOs and responsible, according to the Federal Reserve Act, to notify each day the Board of Governors of the Federal Reserve System, which the Complainant is a member of as previously explained, of all issues and withdrawals of Federal Reserve Notes to and by the Federal Reserve bank to which they are accredited. The Complainant has not been notified of any issues or withdrawals accredited to Defendant Kris Pease from the interest gained from the Principal account, thus being an unjust enrichment for the Defendant.

Defendants/Cross River Bank and Upstart Agents are in breach of trust by not fulfilling their fiduciary obligations, and by not honoring any of the notices received, not reimbursing all payments tendered to the rightful and sole party in interest, Surety and Grantor, Steven Bernard Harvin, and by not releasing all securities to said sole party in interest.

Defendants unjustly enrich themselves, cause injuries to the private estate held in trust, and are in breach of trust by not fulfilling fiduciary obligations, and by not honoring any of the notices

received including the notice of interest, not reimbursing all payments tendered to the rightful and sole party in interest, Surety and Grantor, Steven Bernard Harvin, and by not releasing all securities to said sole party in interest.

Complainant demands that Defendants/Cross River Bank and Upstart Agents provide the original application the Principal, STEVEN HARVIN, filled out and submitted to Defendants/Cross River Bank and Upstart Agents.  If this application was not sold as collateral to the US Treasury, or any other party, then providing the original application should not prove difficult.
Complainant demands that Defendants/Cross River Bank and Upstart Agents provide proof of all collateral provided to the US Treasury, or any other party, that secured the credit provided to the Principal; as, again, banks and the US Treasury cannot create money.

By not disclosing the true nature of the contract agreement and promissory note, defendants have unjustly enriched themselves and need to provide full accounting to account for all securities that are owed to the true sole party in interest, Steven Bernard Harvin, Grantor of RE 300 882 555 US Trust which holds all rights, titles, interest, claims, and chattel in the name of STEVEN HARVIN in order to verify and correctly set off and balance/discharge the public debt from the ledger.

Complainant is of the age of majority and competent to handle their own affairs.  They have satisfied all the elements of the Minnesota 220 Rule claiming rights, titles, and interest to their birth certificate/estate and is to no longer be considered a Minor.

Equity does not see statues and codes.  Statutes of limitations do not apply to equitable matters thus all information demanded by Complainant must be provided from the initial date of the original agreement and cover the life of the agreement.  "Equity sees the intent, not the form – Maxim of Equity".  If any security was endorsed improperly or any other action submitted incorrectly the intent was there and that intent has always been for the Complainant to stake their claim to the sole rights, interests, and titles of their estate.

Evidence of trust property and/or notice of interest has been provided to all defendants.  All defendants remained silent, and silence is acquiescence

- Equity will not suffer a wrong to be without a remedy – Maxim of Equity
- Equity seeks to do complete justice, and not by halves – Maxim of Equity
- Equity aids the vigilant, not those who sleep upon their rights – Maxim of Equity
- So fundamental are these maxims that he who disputes their authority is regarded as beyond the reach of reason – Maxim of Equity



## REQUEST FOR RELIEF

WHEREFORE, Complainant respectfully prays that equity does what ought to be done and prays for grace that this Court:

a. Declare that Complainant has been wrongfully injured by the Defendants' unjust actions and clear violations of the law.

b. Declare Defendants have been unjustly enriched by receiving excess tendered payments and by not crediting Principal account with the interest/dividend payments from the securities

c. Declare Defendants have breached the private RE 300 882 555 US Trust by not fulfilling their fiduciary duties and claiming property they have no rights or interest in and denying the Complainant the right to life liberty and pursuit of happiness by preventing access to their own estate.

d. Grant Complainant reimbursement of $39,878.72 for overpayment.

e. Grant $1,200.000.00 based on Complainant Fee Schedule for Breach of Trust and emotional distress and/or what Honorable Judge deems equitable.

f. Grant Complainant full accounting, including full CUSIPS, from Defendants to account for excess securities and interests rightfully owed to Complainant and to avoid a multiplicity of suits.

g. Grant Complainant full disclosure of Cross River Bank and Upstart Trustees/Agent's names, and their valid mailing addresses, with authority to fulfill fiduciary duties so Complainant can communicate directly with the source.

h. Grant that any future applications with any of the Defendants and/or the persons they are Agents for, be accepted with fiduciary instructions and a guarantee to uphold them as the United States and all Agents of are obligated.

i. Grant any and all court fees to be paid by Defendants and such other and further relief as this Court deems just and proper under the circumstances.

"And it is he that will judge the world with righteousness; he shall execute judgment upon the peoples with equity." – Psa 9:8

"Let my judgment come forth from thy presence, let thine eyes regard equity." – Psa 17:2

"The Lord promotes equity and justice; the Lord's faithfulness extends throughout the earth." – Psa 33:5

Dated this __17__ day of __October__ 2024.

By: _____ SBH, Grantor
Harvin, Steven Bernard, Grantor
Private American
National

All Rights Reserved without Recourse

